UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Derek Nelson and Kaylene Nelson
Plaintiffs

vs.

D.S. Erickson & Associates, PLLC
Defendant

**COMPLAINT AND DEMAND FOR JURY TRIAL**

PLAINTIFFS, as and for their cause of action (i.e., violation of the Fair Debt Collection Practices Act) against the above-named defendant, state and allege as follows:

### Introduction

1.   The following case alleges a debt collection law firm's deceptive practices in its interaction with consumer Plaintiffs. Following the improper and invalid service of a state court debt collection lawsuit, Defendant law firm assured Plaintiffs it would not pursue a default judgment against Plaintiffs. Instead, Defendant turned around and sought a default judgment after promising it would not do so. As a consequence, Plaintiff has suffered damages in the form of out-of-pocket expenses and emotional distress.

## Statement of Jurisdiction

2. This Court has Jurisdiction over the subject matter of this action pursuant to 27 U.S.C. §1331 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d).

## Venue

3. Venue is proper pursuant to 27 U.S.C. §1391(b)(1).

## Parties

4. Plaintiff Derek Nelson is an adult resident of Sherburne County, Minnesota.

5. Plaintiff Kaylene Nelson is an adult resident of Sherburne County, Minnesota.

6. Defendant D.S. Erickson & Associates, PLLC ("DSEA") is a professional limited liability company operating as a law firm and registered to do business in the state of Minnesota.

## Facts

7. Plaintiffs are, and at all times mentioned herein were, a "consumers" as defined by 15 U.S.C. §1692a(3).

8. Defendant is, and at all times mentioned herein was, a "debt collector" as defined by 15 U.S.C. §1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts due or owed to another.

9. The debts allegedly owed by Plaintiffs are "debts" as defined by 15 U.S.C. §1692a(5).

10. The contact between Plaintiff and Defendant are "communications" as defined by 15 U.S.C. §1692a(2).

11. During the course of 2015, Plaintiff Kaylene Nelson received medical services from a pair of medical providers located in the Twin Cities.

12. Due to delays and difficulties with obtaining HSA and flex spending cards, the bills related to said medical services were eventually placed with DSEA for purposes of collection.

13. On or about August 1, 2016, DSEA attempted to serve multiple state court summons and complaints related to said medical bills upon Plaintiffs at their home.

14. In his attempt to serve Plaintiffs, the process server hired by DSEA left copies of the summons and complaints at Plaintiffs' residence with an out-of-town guest visiting Plaintiffs.

15. Pursuant to Minn. R. Civ. P. 4.03(a), substitute service is only made upon an individual if left at "the individual's usual place of abode with some person of suitable age and discretion then *residing therein*" (emphasis added).

16. Consequently, none of the state court summons and complaints were effectively served upon Plaintiffs.

17. Additionally, Plaintiffs had not granted consent to have the alleged debts disclosed to their out-of-town guest.

18. However, by improperly serving Plaintiffs' guest, DSEA's agent communicated with and disclosed the existence of the alleged debts to an unauthorized third-party.

19. On or about August 2, 2016, Plaintiff Derek Nelson telephoned the offices of DSEA and spoke with a paralegal or other non-attorney support professional.

20.     During said conversation, Mr. Nelson informed DSEA's employee that he had not been properly served, but that he would like to work out an arrangement in order to resolve the alleged outstanding medical debts.

21.     During the course of said phone call, DSEA's employee informed Mr. Nelson that Mr. Nelson did not have to serve a written answer in response to the lawsuits, that the phone call itself would be considered a response, and that Mr. Nelson should call back once he and his wife had received their flex spending card.

22.     Despite informing Mr. Nelson that it considered his telephone call a response to the lawsuits, DSEA filed affidavits with Sherburne County District Court stating that Plaintiffs had not answered the lawsuits.

23.     In early October of 2016, Plaintiffs received notice of case filings from Sherburne County District Court informing them that the lawsuits had been assigned case numbers 71-CV-16-1110 and 71-CV-16-1111.

24.     On or about October 13, 2016, Mr. Nelson again telephoned DSEA's office in order to determine why it had filed the lawsuits with the state court after having assured him it would not do so.

25.     Upon information and belief, Mr. Nelson spoke with the same non-attorney employee who he spoke with in August.

26.     During the course of this conversation, DSEA's employee denied the contents of the earlier conversation with Mr. Nelson wherein he informed Mr. Nelson that Plaintiffs did not have to mail in a written answer to the lawsuits.

27. When Mr. Nelson discussed his desire to make payments in order to avoid the entry of judgment, DSEA's employee informed Mr. Nelson that it did not accept payments.

28. Upon information and belief, this is untrue and DSEA regularly accepts payment of debts on behalf of its clients.

29. Mr. Nelson also informed DSEA's employee that service of the summons and complaint was improper to which DSEA's employee responded "but you got it", or words to that effect.

30. Despite being aware that service was improper, DSEA continued to provide Sherburne County District Court with additional information in order to obtain a default judgment against Plaintiffs.

31. On or about November 18, 2016, Sherburne County District Court entered judgments in favor of DSEA's clients and against Plaintiffs.

32. Following entry of judgment, DSEA served a bank levy upon Plaintiff Kaylene Nelson's financial institution.

33. This was particularly embarrassing for Ms. Nelson because she is also an employee of her financial institution.

34. The Nelson's were forced to retain counsel in order to explore their options concerning judgments that should never have been entered in the first place.

35. Plaintiffs eventually agreed to pay the entire judgment balances, including costs and disbursements, in exchange for vacation of said judgments.

36.     On or about January 9, 2017, the Sherburne County District Court vacated the judgments entered against Plaintiffs and in favor of Defendant's clients.

**37.**    Throughout the entire ordeal described within this complaint, Plaintiffs have suffered confusion, frustration, anger, and embarrassment as a result of Defendants' actions.

### Specific Claims

Count I– Violation of Fair Debt Collection 15 U.S.C. § 1692 *et. seq.*

38.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The aforementioned conduct includes multiple and numerous violations of the Fair Debt Collection Practices Act by Defendant including, but not limited to, violations of 15 U.S.C. §§ 1692c(b), 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f, and 1692f(1).

### Jury Demand

40.     Plaintiffs hereby demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff, by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiffs and against Defendant as follows:

      a.     All actual compensatory damages suffered;

      b.     Statutory damages;

      c.     Reasonable attorney's fees, litigation expenses, and cost of suit; and

      d.     Any other relief deemed appropriate by this Honorable Court.

Dated: June 8, 2017                    Respectfully Submitted,

                                                  LAW OFFICE OF RYAN D. PETERSON

                                                  s/ Ryan D. Peterson
                                                  Ryan D. Peterson (#0389607)
                                                  5201 Eden Avenue, Suite 300
                                                  Edina, MN 55436
                                                  (612) 367-6568
                                                  ryan@peterson.legal

                                                  ATTORNEY FOR PLAINTIFF